## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FRED ANTONIO SINGLETARY,
as Personal Representative of the
Estate of Timothy Robertson
Matthews, deceased,

               Plaintiff,

v.

DARLENE LIBERTI, ARNP;
MAURICIO RANGEL, MD;
BERNARD YUKNA, MD;
KEVIN KYLE, MD; and
SHERIFF BOB GUALTIERI, in his
Official Capacity,

               Defendants.

Case No. 8:18-cv-00153-T-JSS

_____

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, FRED ANTONIO SINGLETARY, as Personal

Representative of the Estate of Timothy Robertson Matthews, deceased, and sues Defendants,

DARLENE LIBERTI, ARNP; MAURICIO RANGEL, MD; BERNARD YUKNA, MD; KEVIN

KYLE, MD; and SHERIFF BOB GUALTIERI, in his Official Capacity, and alleges as follows:

### GENERAL ALLEGATIONS

1.     This is an action for damages which exceeds $75,000.00, exclusive of costs and

attorney's fees.

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343

and on the supplemental jurisdiction of this Court to entertain claims arising under state law

pursuant to 28 U.S.C. § 1367 and Local Rule 1.02(b)(4).

3.     Venue is proper in the Middle District of Florida because it is where the events complained of herein occurred.

4.     This action alleges unconstitutional conduct by the Defendants, which occurred on or around October 30, 2016, and is timely filed within the relevant statute of limitations.

5.     The Plaintiff has complied with all conditions predicate for the filing of this Complaint and, specifically, with the notice requirements of Florida Statute §768.28(6).   A Notice letter was sent via certified mail and U.S. mail to Defendant on December 12, 2016.  Said letter was copied to the Florida Department of Financial Services.  Final disposition of the claim was not made prior to the expiration of the statutory period for wrongful death actions, deeming it a final denial.

## PARTIES

6.     The Plaintiff, Fred Antonio Singletary (hereinafter "Plaintiff"), as Personal Representative of the Estate of Timothy Robertson Matthews (hereinafter "Decedent"), is and, at all times material hereto, a resident of Pinellas County, Florida.  Plaintiff is the brother and duly appointed personal representative of the Estate of Timothy Robertson Matthews. The Letters of Administration are attached hereto as "Exhibit A."   Plaintiff is also a survivor under Florida's Wrongful Death Act.  Additionally, Decedent's Estate is a beneficiary under Florida's Wrongful Death Act and is entitled to recover damages under 42 U.S.C. §1983.

7.     Defendant, SHERIFF BOB GUALTIERI, as Sheriff of the Pinellas County Sheriff's Office, receives federal funds and, by and through its officials, employees, and deputies, is under a duty to run its policing activities in a lawful manner so as to preserve the peace to its citizens the rights, privileges, and immunities guaranteed and secured to them by the constitutions, and the laws of the United States and the State of Florida.

8.      Defendant, SHERIFF BOB GUALTIERI, does not have immunity for violating the civil rights of citizens and has waived sovereign immunity for the negligent acts or omissions of its employees and agents arising out of and in the course and scope of their employment complained of herein, pursuant to Section 768.28, Florida Statutes.

9.      At all times material hereto, Defendant, DARLENE LIBERTI, ARNP, was a health care provider with the Pinellas County Sheriff's Office and was involved in this incident acting under the color and pretense of the constitutions, statutes, ordinances, regulations, customs, and usages of the United States of America, the State of Florida, and Pinellas County, under the color of law and by virtue of her authority as a health care provider for the Pinellas County Sheriff's Office. At all times material, Defendant, DARLENE LIBERTI, ARNP, engaged in conduct that was the proximate cause of the violations of Decedent's federally protected rights and state law rights, as more particularized herein.

10.     At all times material hereto, Defendant, MAURICIO RANGEL, MD, was a health care provider with the Pinellas County Sheriff's Office and was involved in this incident acting under the color and pretense of the constitutions, statutes, ordinances, regulations, customs, and usages of the United States of America, the State of Florida, and Pinellas County, under the color of law and by virtue of his authority as a health care provider for the Pinellas County Sheriff's Office. At all times material, Defendant, MAURICIO RANGEL, MD, engaged in conduct that was the proximate cause of the violations of Decedent's federally protected rights and state law rights, as more particularized herein.

11.     At all times material hereto, Defendant, BERNARD YUKNA, MD, was a health care provider with the Pinellas County Sheriff's Office and was involved in this incident acting under the color and pretense of the constitutions, statutes, ordinances, regulations, customs, and

3

usages of the United States of America, the State of Florida, and Pinellas County, under the color of law and by virtue of his authority as a health care provider for the Pinellas County Sheriff's Office. At all times material, Defendant, BERNARD YUKNA, MD, engaged in conduct that was the proximate cause of the violations of Decedent's federally protected rights and state law rights, as more particularized herein.

12.     At all times material hereto, Defendant, KEVIN KYLE, MD, was a health care provider with the Pinellas County Sheriff's Office and was involved in this incident acting under the color and pretense of the constitutions, statutes, ordinances, regulations, customs, and usages of the United States of America, the State of Florida, and Pinellas County, under the color of law and by virtue of his authority as a health care provider for the Pinellas County Sheriff's Office. At all times material, Defendant, KEVIN KYLE, MD, engaged in conduct that was the proximate cause of the violations of Decedent's federally protected rights and state law rights, as more particularized herein.

## FACTS GIVING RISE TO THIS CAUSE OF ACTION

13.     On the date of his death, October 30, 2016, Decedent was an inmate in the Pinellas County Jail, located at 14400 49th Street North in Clearwater, Pinellas County, Florida.

14.     Beginning on September 30, 2016, a chain of events occurred which ultimately resulted in the death of Decedent on October 30, 2016.

15.     On September 30, 2016, Decedent complained to Defendant, DARLENE LIBERTI, ARNP, of shortness of breath and "crushing" chest pain that increased upon palpation. For his complaints, Decedent was given Geri-Lanta, a medication used to treat excess stomach acid, heartburn, and acid indigestion, and returned to housing.

4

16.     On October 2, 2016, Decedent again requested medical attention due to feeling chest pain. During his sick call with Defendant, MAURICIO RANGEL, MD, Decedent was observed holding his abdomen while complaining of heartburn and abdominal pain. To address his complaints, Decedent was given Geri-Lanta and advised to avoid fatty foods and sitting after meals.

17.     On October 3, 2016, Decedent complained to Defendants, MAURICIO RANGEL, MD, and DARLENE LIBERTI, ARNP, of "chilling" epigastric pain, including in the middle of his lower chest, and denied any history of acid reflux issues. In response to his complaints, Decedent was advised to increase fluids and to avoid laying down for two hours after eating. Decedent was further instructed to purchase Tums.

18.     On October 4, 2016, Decedent complained to Defendant, DARLENE LIBERTI, ARNP, of abdominal pain, as well as "burning pain" to mid-sternal area. To address his complaints, Decedent was given Prilosec and advised to drink fluids and to purchase antacids from commissary.

19.     On October 5, 2016, at 2:22 p.m., Decedent complained to Defendant, DARLENE LIBERTI, ARNP, of sharp chest pain, which he described at a 10/10 level, as well as numbness in both hands. Decedent was observed as holding his mid sternum, pressing it. To address his complaints, Decedent was given Motrin and Geri-Lanta.

20.     On October 5, 2016, at 2:53 p.m., Decedent was brought to a clinic room with Defendant, DARLENE LIBERTI, ARNP. During this treatment, Decedent was heard "yelling out" during the application of EKG electrodes. Decedent was observed as shaking uncontrollably, yet he was cleared and returned to housing.

21.     On October 5, 2016, at 4:05 p.m., Decedent complained to Defendant, DARLENE LIBERTI, ARNP, of numbness to his left hand and continuous, sharp chest pain, which had not gotten better over the last three days. Decedent was observed holding his right chest and expressed his concerns about being "dead by tomorrow" as the pain was "killing" him and kept returning. To address his complaints, Decedent was given ibuprofen, Mylanta, Prilosec, and temporarily relocated to a single cell for closer medical observation.

22.     On October 6, 2016, Decedent complained to Defendant, KEVIN KYLE, MD, of chest pain that radiated down to his abdomen, preventing him from keeping down any food. Decedent was informed that he was "just having muscle pain" and was diagnosed with Costochondritis. Decedent was medically cleared to discontinue the single cell for closer medical observation.

23.     On October 20, 2016, Decedent was advised by Defendant, DARLENE LIBERTI, ARNP, to take one 20 mg capsule of Omeprazole every day until January 20, 2017, for heartburn.

24.     On October 29, 2016, at 11:00 p.m., Decedent complained to Defendant, BERNARD YUKNA, MD, of chest pain, characterizing it as "stabbing" and "burning." Decedent's abdomen was tense, and he was observed pointing to his upper right chest area. Decedent requested to be seen by an outside doctor but was advised to sign up for the sick call list and talk to a nurse about his request. Decedent was given an antacid and released back to his designated pod.

25.     On October 30, 2016, shortly before 1:15 a.m., Decedent informed "Deputy Day" of his chest pain getting worse. As Deputy Day proceeded to seek medical help for Decedent, he

heard Decedent collapse to the floor. Deputy Day called Code 99 as he observed Decedent having "seizure-like activity."

26.     Decedent was found on the ground in a left lateral decubitus position with agonal breathing and was non-responsive to verbal command. Decedent's skin was pale and moist, pupils fixed and dilated, and blood on his mouth. Decedent was placed on oxygen, and CPR was performed until paramedics arrived and took over at 1:30 a.m.

27.     On October 30, 2016, at 1:52 a.m., paramedics stopped CPR, and Decedent was pronounced dead by Defendant, KEVIN KYLE, MD.

28.     From the reports above, no sense of urgency regarding Decedent's medical condition and complaints appeared present among the officers, agents, or employees of the Pinellas County Sheriff's Office prior to Decedent's collapse on October 30, 2016.

29.     Failing to closely monitor an inmate, specifically Decedent, who repeatedly stated that he suffered from severe, ongoing chest pain, abdominal pain, and shortness of breath, created circumstances that clearly established a strong likelihood that Decedent's symptoms would worsen.

30.     Decedent's cause of death was atherosclerotic cardiovascular disease. The common, visible symptoms of this disease include fatigue, shortness of breath, and chest pain.

31.     As a result of Decedent's death, FRED ANTONIO SINGLETARY, Decedent's brother; Mary Singletary, Decedent's mother; Stephanie Singletary, Decedent's sister; William Singletary, Decedent's brother; Dwayne Singletary, Decedent's brother; and Gudell Singletary, Decedent's brother, have and will suffer great mental anguish, pain, loss of companionship, and loss of past and/or future support and services. In addition, the Estate of Timothy Robertson Matthews has incurred expenses, including, but not limited to, funeral expenses.

**COUNT I**
**42 U.S.C. §1983 – MEDICAL INDIFFERENCE**
**DARLENE LIBERTI, ARNP**

32.     Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully set forth herein.

33.     Defendant, DARLENE LIBERTI, ARNP, knew of Decedent's need of medical attention because of his continuous complaints of severe chest pain. Despite the obvious need for serious medical attention and treatment, Defendant, DARLENE LIBERTI, ARNP, willfully and intentionally disregarded this information in order to deprive Decedent of his substantive and procedural rights without due process of law.

34.     Defendant, DARLENE LIBERTI, ARNP, had knowledge of Decedent's serious and obvious medical needs and, with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Decedent of necessary and adequate medical care, thereby endangering Decedent's health and well-being and causing his death. Such acts and omissions of the Defendant, DARLENE LIBERTI, ARNP, violated the rights secured by the Fourteenth Amendment of the United States Constitution. Defendant, DARLENE LIBERTI, ARNP's, constitutional failures include, but are not limited to, failing to follow appropriate policies and procedures for addressing the needs of citizens who show signs and symptoms of cardiovascular disease and failing to render medical care for an obvious existing medical condition.

35.     Defendant, DARLENE LIBERTI, ARNP, with knowledge of Decedent's medical needs, had a duty under the Fourteenth Amendment to the United States Constitution to provide needed medical care to individuals, including Decedent, who are in her custody. Specifically, Defendant, DARLENE LIBERTI, ARNP, failed to ensure Decedent received the proper medical

care to ensure his cardiovascular symptoms would not worsen and cause a greater harm to Decedent's health, including death.

36.     The actions taken by Defendant, DARLENE LIBERTI, ARNP, shocked the conscience and was unjustifiable by any government interest.

37.     By virtue of the facts alleged herein, all committed under the color and pretense of federal law, the Defendant, DARLENE LIBERTI, ARNP, was deliberately indifferent to Decedent's serious medical needs and intentionally discriminated against Decedent, depriving him of his civil rights in violation of 42 U.S.C. § 1983, which helped create the damages alleged in this Complaint.

**WHEREFORE**, the Plaintiff, FRED ANTONIO SINGLETARY, as the Personal Representative of the Estate of Timothy Robertson Matthews, demands judgment against the Defendant, DARLENE LIBERTI, ARNP, for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with costs, interest, and any other relief that this Court may deem just and proper.

### COUNT II
### 42 U.S.C. §1983 – MEDICAL INDIFFERENCE
### MAURICIO RANGEL, MD

38.     Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully set forth herein.

39.     Defendant, MAURICIO RANGEL, MD, knew of Decedent's need of medical attention because of his continuous complaints of severe chest pain. Despite the obvious need for serious medical attention and treatment, Defendant, MAURICIO RANGEL, MD, willfully and intentionally disregarded this information in order to deprive Decedent of his substantive and procedural rights without due process of law.

40.     Defendant, MAURICIO RANGEL, MD, had knowledge of Decedent's serious and obvious medical needs and, with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Decedent of necessary and adequate medical care, thereby endangering Decedent's health and well-being and causing his death. Such acts and omissions of the Defendant, MAURICIO RANGEL, MD, violated the rights secured by the Fourteenth Amendment of the United States Constitution. Defendant, MAURICIO RANGEL, MD's, constitutional failures include, but are not limited to, failing to follow appropriate policies and procedures for addressing the needs of citizens who show signs and symptoms of cardiovascular disease and failing to render medical care for an obvious existing medical condition.

41.     Defendant, MAURICIO RANGEL, MD, with knowledge of Decedent's medical needs, had a duty under the Fourteenth Amendment to the United States Constitution to provide needed medical care to individuals, including Decedent, who are in his custody. Specifically, Defendant, MAURICIO RANGEL, MD, failed to ensure that Decedent received the proper medical care to ensure his cardiovascular symptoms would not worsen and cause a greater harm to Decedent's health, including death.

42.     The actions taken by Defendant, MAURICIO RANGEL, MD, shocked the conscience and was unjustifiable by any government interest.

43.     By virtue of the facts alleged herein, all committed under the color and pretense of federal law, the Defendant, MAURICIO RANGEL, MD, was deliberately indifferent to Decedent's serious medical needs and intentionally discriminated against Decedent, depriving him of his civil rights in violation of 42 U.S.C. § 1983, which helped create the damages alleged in this Complaint.

**WHEREFORE**, the Plaintiff, FRED ANTONIO SINGLETARY, as the Personal Representative of the Estate of Timothy Robertson Matthews, demands judgment against the Defendant, MAURICIO RANGEL, MD, for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with costs, interest, and any other relief that this Court may deem just and proper.

**COUNT III**
**42 U.S.C. §1983 – MEDICAL INDIFFERENCE**
**BERNARD YUKNA, MD**

44.     Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully set forth herein.

45.     Defendant, BERNARD YUKNA, MD, knew of Decedent's need of medical attention because of his continuous complaints of severe chest pain. Despite the obvious need for serious medical attention and treatment, Defendant, BERNARD YUKNA, MD, willfully and intentionally disregarded this information in order to deprive Decedent of his substantive and procedural rights without due process of law.

46.     Defendant, BERNARD YUKNA, MD, had knowledge of Decedent's serious and obvious medical needs and, with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Decedent of necessary and adequate medical care, thereby endangering Decedent's health and well-being and causing his death. Such acts and omissions of the Defendant, BERNARD YUKNA, MD, violated the rights secured by the Fourteenth Amendment of the United States Constitution. Defendant, BERNARD YUKNA, MD's, constitutional failures include, but are not limited to, failing to follow appropriate policies and procedures for addressing the needs of citizens who show signs and symptoms of cardiovascular disease and failing to render medical care for an obvious existing medical condition.

47.     Defendant, BERNARD YUKNA, MD, with knowledge of Decedent's medical needs, had a duty under the Fourteenth Amendment to the United States Constitution to provide needed medical care to individuals, including Decedent, who are in his custody. Specifically, Defendant failed to ensure that Decedent received the proper health care to ensure his cardiovascular symptoms would not worsen and cause a greater harm to Decedent's health, including death.

48.     The actions taken by Defendant, BERNARD YUKNA, MD, shocked the conscience and was unjustifiable by any government interest.

49.     By virtue of the facts alleged herein, all committed under the color and pretense of federal law, the Defendant, BERNARD YUKNA, MD, was deliberately indifferent to Decedent's serious medical needs and intentionally discriminated against Decedent, depriving him of his civil rights in violation of 42 U.S.C. § 1983, which helped create the damages alleged in this Complaint.

**WHEREFORE**, the Plaintiff, FRED ANTONIO SINGLETARY, as the Personal Representative of the Estate of Timothy Robertson Matthews, demands judgment against the Defendant, BERNARD YUKNA, MD, for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with costs, interest, and any other relief that this Court may deem just and proper.

**COUNT IV**
**42 U.S.C. §1983 – MEDICAL INDIFFERENCE**
**KEVIN KYLE, MD**

50.     Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully set forth herein.

51.     Defendant, KEVIN KYLE, MD, knew of Decedent's need of medical attention because of his continuous complaints of severe chest pain. Despite the obvious need for serious medical attention and treatment, Defendant, KEVIN KYLE, MD, willfully and intentionally disregarded this information in order to deprive Decedent of his substantive and procedural rights without due process of law.

52.     Defendant, KEVIN KYLE, MD, had knowledge of Decedent's serious and obvious medical needs and, with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Decedent of necessary and adequate medical care, thereby endangering Decedent's health and well-being and causing his death. Such acts and omissions of the Defendant, KEVIN KYLE, MD, violated the rights secured by the Fourteenth Amendment of the United States Constitution. Defendant, KEVIN KYLE, MD's, constitutional failures include, but are not limited to, failing to follow appropriate policies and procedures for addressing the needs of citizens who show signs and symptoms of cardiovascular disease and failing to render medical care for an obvious existing medical condition.

53.     Defendant, KEVIN KYLE, MD, with knowledge of Decedent's medical needs, had a duty under the Fourteenth Amendment to the United States Constitution to provide needed medical care to individuals, including Decedent, who are in his custody. Specifically, Defendant, KEVIN KYLE, MD, failed to ensure Decedent received the proper health care to ensure that his cardiovascular symptoms would not worsen and cause a greater harm to Decedent's health, including death.

54.     The actions taken by Defendant, KEVIN KYLE, MD, shocked the conscience and was unjustifiable by any government interest.

13

55.     By virtue of the facts alleged herein, all committed under the color and pretense of federal law, the Defendant, KEVIN KYLE, MD, was deliberately indifferent to Decedent's serious medical needs and intentionally discriminated against Decedent, depriving him of his civil rights in violation of 42 U.S.C. § 1983, which helped create the damages alleged in this Complaint.

**WHEREFORE**, the Plaintiff, FRED ANTONIO SINGLETARY, as the Personal Representative of the Estate of Timothy Robertson Matthews, demands judgment against the Defendant, KEVIN KYLE, MD, for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with costs, interest, and any other relief that this Court may deem just and proper.

### COUNT V
### NELGIGENT TRAINING OF DEFENDANTS
### SHERIFF BOB GUALTIERI

56.     Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully set forth herein.

57.     Defendant, SHERIFF BOB GUALTIERI, had a duty to train his employees how to handle situations involving inmates suffering from symptoms and signs of cardiovascular disease to ensure the protection of inmate health and safety.

58.     Defendant, SHERIFF BOB GUALTIERI, further had a duty to instruct, supervise, and train his employees and agents to ensure adequate safety and health concerns to Decedent.

59.     Defendant, SHERIFF BOB GUALTIERI, beached the above duties by failing to establish and implement proper training, supervision, and monitoring programs designed to ensure that Decedent was safe from further harm as a result of his medical condition.

60.     Decedent sought the protection of Defendant, SHERIFF BOB GUALTIERI's, employees on multiple occasions, specifically complaining of chest pain that was ongoing and severe. Defendant, SHERIFF BOB GUALTIERI's, employees, from whom Decedent sought protection, were inadequately trained in how to protect inmates, such as Decedent, with regards to worsening of cardiovascular disease symptoms.

61.     Due to Defendants' lack of training, Decedent died.

62.     The acts and conduct of Defendant, SHERIFF BOB GUALTIERI's, employees and agents were the direct and proximate cause of Decedent's death and violated Decedent's statutory and common law rights as guaranteed by the Constitution of the United States and the State of Florida.

**WHEREFORE**, the Plaintiff, FRED ANTONIO SINGLETARY, as the Personal Representative of the Estate of Timothy Robertson Matthews, demands judgment against the Defendant, SHERIFF BOB GUALTIERI, for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with costs, interest, and any other relief that this Court may deem just and proper.

## COUNT VI
## WRONGFUL DEATH CLAIM
## SHERIFF BOB GUALTIERI

63.     Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully set forth herein.

64.     Defendant, SHERIFF BOB GUALTIERI, by and through his employees and agents, is under a duty to run policing activities in a lawful manner so as to preserve the peace of Pinellas County and to preserve to its citizens the rights, privileges, and immunities guaranteed

and secured to them by the constitutions and the laws of the United States and the State of Florida.

65.     Pursuant to §768.28, Florida Statutes, Defendant, SHERIFF BOB GUALTIERI, is liable for the death caused by the negligent or wrongful acts or omissions of any employee of the Pinellas County Sheriff's Office while acting within the scope of his or her employment.

66.     The Defendants named herein, at all relevant times, were employees of the Pinellas County Sheriff's Office and were acting within the scope of their employment and without bad faith, malicious intent, or in a manner exhibiting wanton and willful disregard of the human rights and safety of Decedent during the time of the incident. Therefore, Defendant, SHERIFF BOB GUALTIERI, is liable for the death of Decedent, which was caused by Defendant, SHERIFF BOB GUALTIERI's, employees and agents.

67.     The Defendants failed in their general duty as employees of the Pinellas County Sheriff's Office to protect Decedent, whose proper medical care was denied.

68.     Defendant, SHERIFF BOB GUALTIERI, breached his duty of care by:

> a. Failing to follow appropriate policies and procedures for addressing the needs of citizens who exhibit obvious signs and symptoms of cardiovascular disease;

> b. Failing to make reasonable inquiry into Decedent's medical condition after numerous complaints of severe, ongoing chest pain;

> c. Failing to render medical care for an obvious existing medical condition;

> d. Failing to timely summon medical care for an obvious medical condition; and

e. Failing to develop and implement appropriate safeguards to ensure the safety and well-being of Decedent, who was in Defendant, SHERIFF BOB GUALTIERI's, care and custody with an obvious need for medical treatment.

69.     The acts or omissions of Defendant, SHERIFF BOB GUALTIERI, were a direct proximate and legal cause of death of Decedent.

70.     As further direct and proximate result of Defendant, SHERIFF BOB GUALTIERI, the Estate of Timothy Robertson Matthews has incurred medical and funeral expenses.

71.     Plaintiff, FRED ANTONIO SINGLETARY, as Personal Representative of the Estate of Timothy Robertson Matthews, has suffered damages, including loss of support and services and mental pain and suffering.

**WHEREFORE**, the Plaintiff, FRED ANTONIO SINGLETARY, as the Personal Representative of the Estate of Timothy Robertson Matthews, demands judgment against the Defendant, SHERIFF BOB GUALTIERI, for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with costs, interest, and any other relief that this Court may deem just and proper.

### COUNT VII
### WRONGFUL DEATH CLAIM
### DARLENE LIBERTI, ARNP
### (Alternatively, Outside the Course and Scope)

72.     Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully set forth herein.

73.     Pursuant to § 768.28, Florida Statutes, Defendant, DARLENE LIBERTI, ARNP, is liable for the wrongful death of Decedent.

74.     Defendant, DARLENE LIBERTI, ARNP, at all relevant times, was acting outside the scope of her employment with the Pinellas County Sheriff's Office and with bad faith, malicious intent, or in a manner exhibiting wanton and willful disregard of the human rights and safety of Decedent during the time of the incident.

75.     Defendant, DARLENE LIBERTI, ARNP, failed in the general duty as a health care provider to protect Decedent, whose medical care and life saving treatment was denied.

76.     Defendant, DARLENE LIBERTI, ARNP, breached her duty of care by:

a. Failing to follow appropriate policies and procedures for addressing the needs of citizens who exhibit obvious signs and symptoms of cardiovascular disease;

b. Failing to make reasonable inquiry into Decedent's medical condition after numerous complaints of severe, ongoing chest pain;

c. Failing to render medical care for an obvious existing medical condition; and

d. Failing to timely summon medical care for an obvious medical condition.

77.     The acts or omissions of Defendant, DARLENE LIBERTI, ARNP, were a direct, proximate, and legal cause of death of Decedent.

78.     As a further direct and proximate result of Defendant, DARLENE LIBERTI, ARNP, the Estate of Timothy Robertson Matthews has incurred medical and funeral expenses.

79.     Plaintiff, FRED ANTONIO SINGLETARY, as Personal Representative of the Estate of Timothy Robertson Matthews, has suffered damages, including loss of support and services and mental pain and suffering.

**WHEREFORE**, the Plaintiff, FRED ANTONIO SINGLETARY, as the Personal Representative of the Estate of Timothy Robertson Matthews, demands judgment against the

18

Defendant, DARLENE LIBERTI, ARNP, for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with costs, interest, and any other relief that this Court may deem just and proper.

### COUNT VIII
### WRONGFUL DEATH CLAIM
### MAURICIO RANGEL, MD
### (Alternatively, Outside the Course and Scope)

80.     Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully set forth herein.

81.     Pursuant to § 768.28, Florida Statutes, Defendant, MAURICIO RANGEL, MD, is liable for the wrongful death of Decedent.

82.     Defendant, MAURICIO RANGEL, MD, at all relevant times, was acting outside the scope of his employment with the Pinellas County Sheriff's Office and with bad faith, malicious intent, or in a manner exhibiting wanton and willful disregard of the human rights and safety of Decedent during the time of the incident.

83.     Defendant, MAURICIO RANGEL, MD, failed in the general duty as a health care provider to protect Decedent, whose medical care and life saving treatment was denied.

84.     Defendant, MAURICIO RANGEL, MD, breached his duty of care by:

a. Failing to follow appropriate policies and procedures for addressing the needs of citizens who exhibit obvious signs and symptoms of cardiovascular disease;

b. Failing to make reasonable inquiry into Decedent's medical condition after numerous complaints of severe, ongoing chest pain;

c. Failing to render medical care for an obvious existing medical condition; and

d. Failing to timely summon medical care for an obvious medical condition.

85.     The acts or omissions of Defendant, MAURICIO RANGEL, MD, were a direct, proximate, and legal cause of death of Decedent.

86.     As a further direct and proximate result of Defendant, MAURICIO RANGEL, MD, the Estate of Timothy Robertson Matthews has incurred medical and funeral expenses.

87.     Plaintiff, FRED ANTONIO SINGLETARY, as Personal Representative of the Estate of Timothy Robertson Matthews, has suffered damages, including loss of support and services and mental pain and suffering.

**WHEREFORE**, the Plaintiff, FRED ANTONIO SINGLETARY, as the Personal Representative of the Estate of Timothy Robertson Matthews, demands judgment against the Defendant, MAURICIO RANGEL, MD, for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with costs, interest, and any other relief that this Court may deem just and proper.

### COUNT IX
### WRONGFUL DEATH CLAIM
### BERNARD YUKNA, MD
### (Alternatively, Outside the Course and Scope)

88.     Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully set forth herein.

89.     Pursuant to § 768.28, Florida Statutes, Defendant, BERNARD YUKNA, MD, is liable for the wrongful death of Decedent.

90.     Defendant, BERNARD YUKNA, MD, at all relevant times, was acting outside the scope of his employment with the Pinellas County Sheriff's Office and with bad faith, malicious intent, or in a manner exhibiting wanton and willful disregard of the human rights and safety of Decedent during the time of the incident.

91.     Defendant, BERNARD YUKNA, MD, failed in the general duty as a health care provider to protect Decedent, whose medical care and life saving treatment was denied.

92.     Defendant, BERNARD YUKNA, MD, breached his duty of care by:

a. Failing to follow appropriate policies and procedures for addressing the needs of citizens who exhibit obvious signs and symptoms of cardiovascular disease;

b. Failing to make reasonable inquiry into Decedent's medical condition after numerous complaints of severe, ongoing chest pain;

c. Failing to render medical care for an obvious existing medical condition; and

d. Failing to timely summon medical care for an obvious medical condition.

93.     The acts or omissions of Defendant, BERNARD YUKNA, MD, were a direct, proximate, and legal cause of death of Decedent.

94.     As a further direct and proximate result of Defendant, BERNARD YUKNA, MD, the Estate of Timothy Robertson Matthews has incurred medical and funeral expenses.

95.     Plaintiff, FRED ANTONIO SINGLETARY, as Personal Representative of the Estate of Timothy Robertson Matthews, has suffered damages, including loss of support and services and mental pain and suffering.

**WHEREFORE**, the Plaintiff, FRED ANTONIO SINGLETARY, as the Personal Representative of the Estate of Timothy Robertson Matthews, demands judgment against the Defendant, BERNARD YUKNA, MD, for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with costs, interest, and any other relief that this Court may deem just and proper.

**COUNT X**
**WRONGFUL DEATH CLAIM**

**KEVIN KYLE, MD**
**(Alternatively, Outside the Course and Scope)**

96.     Plaintiff re-alleges paragraphs one (1) through thirty-one (31) as if fully set forth herein.

97.     Pursuant to § 768.28, Florida Statutes, Defendant, KEVIN KYLE, MD, is liable for the wrongful death of Decedent.

98.     Defendant, KEVIN KYLE, MD, at all relevant times, was acting outside the scope of his employment with the Pinellas County Sheriff's Office and with bad faith, malicious intent, or in a manner exhibiting wanton and willful disregard of the human rights and safety of Decedent during the time of the incident.

99.     Defendant, KEVIN KYLE, MD, failed in the general duty as a health care provider to protect Decedent, whose medical care and life saving treatment was denied.

100.    Defendant, KEVIN KYLE, MD, breached his duty of care by:

a. Failing to follow appropriate policies and procedures for addressing the needs of citizens who exhibit obvious signs and symptoms of cardiovascular disease;

b. Failing to make reasonable inquiry into Decedent's medical condition after numerous complaints of severe, ongoing chest pain;

c. Failing to render medical care for an obvious existing medical condition; and

d. Failing to timely summon medical care for an obvious medical condition.

101.    The acts or omissions of Defendant, KEVIN KYLE, MD, were a direct, proximate, and legal cause of death of Decedent.

102.    As a further direct and proximate result of Defendant, KEVIN KYLE, MD, the Estate of Timothy Robertson Matthews has incurred medical and funeral expenses.

22

103.    Plaintiff, FRED ANTONIO SINGLETARY, as Personal Representative of the Estate of Timothy Robertson Matthews, has suffered damages, including loss of support and services and mental pain and suffering.

**WHEREFORE**, the Plaintiff, FRED ANTONIO SINGLETARY, as the Personal Representative of the Estate of Timothy Robertson Matthews, demands judgment against the Defendant, KEVIN KYLE, MD, for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with costs, interest, and any other relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues in this matter.

Dated: March 5, 2017

Respectfully submitted,

*s/ Chelsie M.  Lamie, Esq.*
**CHELSIE M. LAMIE, ESQUIRE**
Florida Bar No.: 0041325
Personal Injury Law Office of
Chelsie M. Lamie, P.A.
801 Main Street, Suite 2
Safety Harbor, Florida 34695
Telephone: (727) 501-3464
Facsimile: (727) 614-9136
Service@chelsielamie.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic mail this 5th day of March 2018 to:

**Della Connolly Cope, Esq.**
Florida Bar No. 882941
Pinellas County Sheriff's Office
10750 Ulmerton Road
Largo, Florida 33778
Phone: (727) 582-6274
Fax: (727) 582-6459
Dcope@pcsonet.com
rreuss@pcsonet.com
*Attorney for Defendant*

*s/ Chelsie M.  Lamie, Esq.*
Attorney for Plaintiff

# EXHIBIT A

FILED 5/5/2017 1:46:39 PM KEN BURKE CLERK OF THE CIRCUIT COURT AND COMPTROLLER, PINELLAS COUNTY FLORIDA

IN THE CIRCUIT COURT FOR PINELLAS COUNTY, FLORIDA PROBATE DIVISION

IN RE: ESTATE OF

File No.

TIMOTHY ROBERTSON MATTHEWS
A/K/A TIMOTHY MATTHEWS

Division

Deceased.

## Ref. number: 17003577ES

### ORDER APPOINTING PERSONAL REPRESENTATIVE
(intestate -- single)

On the petition of FREDERICK ANTONIO SINGLETARY for administration of the estate of TIMOTHY ROBERTSON MATTHEWS A/K/A TIMOTHY MATTHEWS, deceased, the court finding that the decedent died on  October 30, 2016; and that FREDERICK ANTONIO SINGLETARY is entitled to appointment as personal representative pursuant to 733.301 Fla.Stat., and is qualified to be personal Representative,  it is

ADJUDGED that FREDERICK ANTONIO SINGLETARY is appointed personal representative of the estate of the decedent, and that upon taking the prescribed oath, filing the designation and acceptance of resident agent, and entering into bond in the sum of $ 18,000 , letters of administration shall be issued.

ORDERED on _____, 2017.

_____
Circuit Judge
Mark I. Shames, Circuit Judge
May 4, 2017

***ELECTRONICALLY FILED 04/21/2017 10:05:18 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

Filing # 55375178 E-Filed 04/20/2017 03:28:44 PM

FILED 6/5/2017 2:33:43 PM KEN BURKE CLERK OF THE CIRCUIT COURT AND COMPTROLLER, PINELLAS COUNTY
FLORIDA

IN THE CIRCUIT COURT FOR PINELLAS COUNTY,
FLORIDA PROBATE DIVISION

IN RE: ESTATE OF

                          File No.

TIMOTHY ROBERTSON MATTHEWS
A/K/A TIMOTHY MATTHEWS

                          Division
    Deceased.

## Ref. number: 17003577ES

### LETTERS OF ADMINISTRATION
(single personal representative)

TO ALL WHOM IT MAY CONCERN:

    WHEREAS, TIMOTHY ROBERTSON MATTHEWS A/K/A TIMOTHY MATTHEWS,
a resident of Pinellas County, Florida, died on October 30, 2016, owning assets in the State of
Florida, and

    WHEREAS, FREDERICK ANTONIO SINGLETARY has been appointed Personal
Representative of the estate of the decedent and has performed all acts prerequisite to issuance of
Letters of Administration in the estate,

    NOW, THEREFORE, I, the undersigned Circuit Judge, declare FREDERICK ANTONIO
SINGLETARY duly qualified under the laws of the State of Florida to act as Personal Representative
of the estate of TIMOTHY ROBERTSON MATTHEWS A/K/A TIMOTHY MATTHEWS,
deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover
and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the
estate will permit and the law directs; and to make distribution of the estate according to law.

    Ordered on _____, 2017.

_____
Circuit Judge
Mark I. Shames, Circuit Judge
June 2, 2017

***ELECTRONICALLY FILED 04/21/2017 10:05:18 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***